United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50651
Conference Calendar

DEREK M. BAILEY,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION, DEBRA CROW, District Clerk,
Guadalupe County; JAMES BEHRENDT, District Clerk, Guadalupe
County; NANCEY JOWERS, Supervisor, W.P. Clements Prisoner Mail
Room,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-340
--------------------

Before JONES, CHIEF JUDGE, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Derek M. Bailey, Texas prisoner # 689542, has filed an

application for leave to proceed in forma pauperis (IFP) on

appeal following the district court's dismissal of his 42 U.S.C.

§ 1983 civil rights complaint, wherein he alleged that he was

denied access to the courts in 1995 when the defendants prevented

him from filing a supplement to his direct appeal in state court.

The district court dismissed the complaint as frivolous and for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim upon which relief could be granted because it was barred under Heck v. Humphrey, 512 U.S. 477 (1994), and the Texas statute of limitations.

The district court denied Bailey leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for IFP here, Bailey is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Bailey does not address the district court's determination that his case was barred by Heck. Although he does mention that the Texas statute of limitations may be suspended due to a "practical" incapacity to sue, he does not explain when, how, or why he was incapacitated, and none of the authority to which he cites is applicable to his case. Because Bailey does not challenge the district court's determinations that his claims were barred by Heck and the Texas statute of limitations, he has abandoned the only issues before this court. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999). Therefore, Bailey's motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. Accordingly, Bailey's motion to proceed IFP on appeal is denied and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous each count as a

strike under 28 U.S.C. § 1915(g).  See Bailey v. Dretke, No. 5:06-CV-340 (W.D. Tex. Apr. 25, 2006); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bailey is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.